UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| TERRY NEAL, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) No. 2:23-cv-00039 |
| STATE OF TENNESSEE, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Terry Neal, a state prisoner at the Turney Center Industrial Complex in Only, Tennessee, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2010 convictions and sentence for rape and sexual battery, for which Neal is serving a total effective sentence of twenty years imprisonment. (Doc. No. 1). Respondent filed a motion to dismiss (Doc. Nos. 22) contending the Petition is untimely and fails on the merits. Neal filed a response (Doc. No. 28), and Respondent filed a reply (Doc. No. 30).

The Court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4; see also Crump v. Lafler, 657 F.3d 393, 396 n.2 (6th Cir. 2011) (citing McFarland v. Scott, 512 U.S. 849, 856 (1994)) ("If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition."). An untimely habeas petition is dismissed pursuant to Habeas Rule 4. See Jennings v. Warden N. Cent. Corr. Inst., 2017 WL 6887790, at *1 (6th Cir. 2017).

There is a one-year statute of limitations for the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d)(1). This one-year period begins to run "from the latest of" four dates, one of

which is relevant here – the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The one-year statute of limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Here, Neal was sentenced by the Putnam County Criminal Court on October 26, 2010. (Doc. No. 1). He filed a direct appeal, which was resolved against him on July 15, 2014, and he did not seek post-conviction relief. No later than December 8, 2019, Neal became aware that his offense category had been modified to "multiple rape," thereby raising the mandatory sentence from 85% to 100% and eliminating certain good time credits. (Doc. No. 1-13). Under Section 2244(d)(2), Neal's federal habeas statute of limitations began running the next day, December 9, 2019. The limitations period ran 4 days, until December 12, 2019. On December 13, 2019, Neal filed in Davidson County a "governmental tort liability complaint" seeking money damages against three individuals in connection with his sentencing. (Doc. No. 21-1). On May 29, 2020, the Davidson County Circuit Court dismissed the tort action, under Tenn. Code Ann. § 41-21-803, as improperly filed. (Doc. No. 21-3). On June 29, 2020, the Davidson County Circuit Court denied Neal's motion to alter or amend and transferred the tort action to Hickman County. (Doc. No. 21-5). On August 12, 2021, the Hickman County Circuit Court dismissed the tort action based on sovereign immunity.[1] (Doc. No. 21-10). Assuming, *arguendo*, that Neal's state tort action was a "collateral proceeding" that tolled the limitations period, Neal's one-year clock began again on August 13, 2021, and ran 361 days until expiring on August 9, 2022. Neal's federal habeas petition

---

[1] The court noted that Neal had "chosen [ ] the wrong legal vehicle for remedy . . . [of] an illegal judgment." (Doc. No. 21-10) (citing Tenn. R. Crim. P. 36).

was filed on July 8, 2023—approximately eleven months late.[2] Accordingly, the Petition is untimely.

"Absent compelling equitable considerations, a court should not extend limitations by even a single day." Jurado v. Burt, 337 F.3d 638, 643 (6th Cir. 2003); see also Merriweather v. City of Memphis, 107 F.3d 396, 400 (6th Cir. 1997) (affirming dismissal of complaint as time-barred because the complaint "was filed one day late"); Perkins v. Hininger, No. 3:21-CV-00901, 2022 WL 906201, at *5 (M.D. Tenn. Mar. 28, 2022) (collecting cases). However, in certain limited circumstances, the one-year habeas limitations period is subject to equitable tolling, Ata v. Scutt, 622 F.3d 736, 741 (6th Cir. 2011) (citing Holland v. Florida, 560 U.S. 631, 645 (2010)), a doctrine that allows courts to toll a limitations period "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." Hall v. Warden, Lebanon Corr. Inst., 662 F.3d 745, 749 (6th Cir. 2011) (quoting Robertson v. Simpson, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted)). Equitable tolling is applied only if: (1) the petitioner "has been pursuing his rights diligently," and (2) "some extraordinary circumstance stood in [the petitioner's] way and prevented timely filing." Id. (quoting Holland, 560 U.S. at 649); see also Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Here, Neal's response does not articulate any ground for equitable tolling, and the Court discerns none.[3] (*See* Doc. No. 20.) Accordingly, equitable tolling is not appropriate.

---

[2] On December 4, 2022, Neal filed a new declaratory judgment action in Hickman County regarding his sentencing. (Doc. No. 20-11). Even if this civil complaint could be classified as a "collateral action," its filing would not have tolled the limitations period because the limitations period had already expired. Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003) ("Once the limitations period has expired, collateral petitions can no longer serve to avoid a statute of limitations.") (citation omitted).

[3] Neal's response primarily argues the merits of his claims. (*See* Doc. No. 28). The most that the response could be read to contend is that Neal diligently pursued his rights in the state court tort actions. Even if that were the case, however, Neal has not identified any "extraordinary circumstance" that prevented timely filing of a federal habeas petition.

For these reasons, the Motion to Dismiss (Doc. No. 22) is **GRANTED** and the Petition is **DISMISSED** as untimely. The Court must issue or deny a certificate of appealability ("COA"), Habeas Rule 11(a), depending on whether a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a petition is denied on procedural grounds, the petitioner must show "at least that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Dufresne v. Palmer, 876 F.3d 248, 253 (6th Cir. 2017) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). The Court concludes that Neal has not satisfied this standard and **DENIES** a COA. Neal may seek a COA directly from the U.S. Court of Appeals for the Sixth Circuit. Habeas Rule 11; Fed. R. App. P. 22(b)(1).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE